108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerold Timothy WELLER, Defendant-Appellant.
 No. 96-30109.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1997.
Decided Feb. 13, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerold Timothy Weller appeals his sentence of 150 months with five years supervised release, following his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing.
 
 
 3
 Weller's sentencing memorandum argued that Criminal History Category VI overstated the severity of his criminal history, justifying a downward departure. Among other reasons, Weller argued that his conviction for child molestation in the third degree was "not as bad as it sounds" because the offense was committed two weeks before the girl, who was his girlfriend, turned 16. While Weller's counsel was elaborating on the point in argument, the district court interjected that "the police report in this case ... shows that the girl never consented." This was the first time Weller knew about the police report or that the court was relying on it, since it was not mentioned or relied upon in the presentence report. It was also the first time that "consent" had come up. Weller declined the court's invitation to see the report (as he didn't doubt the accuracy of the representation about what it said), and he declined the opportunity to discuss it with the probation officer; but Weller, in allocution, did say that the girl did consent, that she had admitted to her family that there was consent, and that he wished his cousin (the girl's foster parent) was at the hearing to vouch for him.
 
 
 4
 It is wrong for a defendant not to have notice that the court is considering a police report of which the defendant is unaware and which may be used against him at sentencing. Fed.R.Crim.P. 32(b)(6)(A); United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995). However, because counsel did not clearly object or clearly ask for a continuance--although Weller himself came close to doing so--we do not reverse solely on account of the lack of notice.
 
 
 5
 In addition to the district court's surprise redirection of the focus of Weller's argument from the victim's age to her consent, and its recharacterization of the offense behavior underlying Weller's conviction for third degree child molestation as rape without consent--based on a report that Weller didn't know about or expect to have to confront--the district court failed to rule on Weller's request for a downward departure based on the overstatement of criminal history. The court did depart downward based on the government's U.S.S.G. § 5K1.1 request, and that decision is unreviewable on appeal. United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995). But the court did not say whether or how it was acting on Weller's distinct request for downward departure, and it did not make findings, as required by Rule 32(c)(1), on any of the grounds raised in Weller's memorandum that were in dispute. Consequently, we reverse and remand for resentencing.
 
 
 6
 No basis for reassignment appears, and we are confident that the district court will start afresh, with notice to the defendant of all information that may be considered at sentencing and a full and fair opportunity for Weller to present his case.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3